IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID DANIELS                                                                                            PLAINTIFF

v.                                       Civil No. 07-5078

CAPTAIN HUNTER PETRAY;
DR.  JOHN HUSKINS;
NURSE ANDREA G.                                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David. Daniels, currently an inmate of the Arkansas Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983.  The complaint was provisionally filed prior to a determination regarding plaintiff's status as a pauper and service of process.

### DISCUSSION

Daniels names as defendants Captain Hunter Petray, Dr.  John Huskins, and Nurse Andrea G.  of the Benton County Jail.  Plaintiff alleges that when he was incarcerated at the Benton County Jail he was denied medical treatment and subjected to excessive force.

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed in forma pauperis, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915.  Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but are allowed to pay it in installments.  28 U.S.C. § 1915(b).

AO72A
(Rev. 8/82)

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Daniels. He has had four previous actions that qualify as strikes against him under section 1915(g). *See Daniels v. Judge Tom Keith.*, Civil No. 06-5142 (dismissed as frivolous on 1/3/2007–no appeal filed); *Daniels v. VanWinkle, et al.*, Civil No. 06-5119 (dismissed as frivolous on 7/27/2006–no appeal filed); *Daniels v. Saxton, et al.*, Civil No. 06-5104 (dismissed as frivolous on 8/21/2006–no appeal filed); *Daniels v. Karren, et al*, Civil No. 07-5019 (dismissed as frivolous on 7/10/07- appeal dismissed for failure to prosecute).

In this case, there is no allegation that Daniels is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had

AO72A
(Rev. 8/82)

suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1]  Therefore, Daniels is not eligible for IFP status.

## CONCLUSION

Accordingly, I recommend that Daniels' IFP application (Doc. 3) be denied as he is not eligible to proceed IFP because of the application of 28 U.S.C. § 1915(g).  Further, I recommend that this case be dismissed, without prejudice, with the right for Plaintiff to re-open upon the payment of the filing fee.

**Daniels has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Daniels is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[1]In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

AO72A
(Rev. 8/82)